# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                       |       |                       |
|-----------------------|-------|-----------------------|
| STATE OF DELAWARE     | )     |                       |
|                       | )     |                       |
|                       | )     | I.D. No. 2202013599   |
| v.                    | )     |                       |
|                       | )     |                       |
| SEAN WELCH,           | )     |                       |
|                       | )     |                       |
| Defendant.            | )     |                       |

Submitted: August 29, 2024
Decided: October 4, 2024

## ORDER

On this 4th day of October, 2024, upon consideration of Defendant, Sean Welch's Motion to Reduce Sentence (the "Motion"), the sentence imposed, and the record in this case, it appears to the Court that:

1. Defendant plead guilty to the charges of Possession of a Firearm during the Commission of a Felony, and Reckless Driving.[1] On August 23rd, 2024, Defendant was placed in the custody of the Department of Correction at Supervision Level V for a period of Eight years, giving credit for 14 days time served, suspended after 60 days for 18 months at Level III.[2]

2. On August 27th, 2024, Mr. Welch, by and through counsel, timely filed this Motion to Reduce Sentence, requesting his sentence to be amended to read "time

---

[1] Plea Agreement.
[2] Sentencing Worksheet.

-1-

served."[3] In support, Mr. Welch, among other arguments, reasons that with the sentence imposed, "… is inestimable except to say there is a very good chance that the Defendant will be terminated [from his employment].[4]

3.      Mr. Welch additionally asserts "tremendous strides" that were made by Mr. Welch through his course of treatment at the Rockford Center and how this sentence poses "tremendous harm" by potentially undoing that progress.[5]

4.      Pursuant to Superior Court Criminal Rule 35(b), "[t]he Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[6] Additionally, "[a] motion for reduction of sentence will be considered without presentation, hearing or argument unless otherwise ordered by the court."[7]

5.      Delaware case law has established it is solely within the Court's discretion to consider the reduction of a sentence. "Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the court has broad discretion to decide if it should alter its judgment. The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is

---

[3] Defendant's Motion to Reduce Sentence, at 12.
[4] Def. Mot. to Reduce Sentence at ¶ 11.
[5] *Id.* at ¶ 10.
[6] Del. Super. Ct. Crim. R. 35(b).
[7] *Id.*

appropriate."[8] Additionally, when considering on the merits, the Court will consider whether the initial sentence was "unduly harsh."[9]

6.      In his motion, Mr. Welch does not cite to any information that would now render his sentence "unduly harsh." Mr. Welch asserts that the sentence imposed will possibly result in loss of his job, and the undoing of great progress made in a rehabilitation facility.[10] Neither of these claims give rise to reasons as to why the sentence was "unduly harsh," as the sentence was imposed in consideration of the great progress that Mr. Welch has made in his life.[11]

7.      The sentencing Court gave great consideration to the remarkable strides Mr. Welch made in his life turnaround following these events. The facts of crimes committed, however, were equally striking. The road rage incident, escalated by inserting a firearm and causing another driver to fear for his life is substantial and duly deserving of punishment. While the Court is both sympathetic to and impressed by Mr. Welch's progression towards substance abuse and mental health stability, the

---

[8] *State v. Garfield*, 2023 WL 8234371, at *1 (Del. Super. Nov. 28, 2023).
[9] *Garfield*, 2023 WL 8234371 at *2.
[10] Def. Mot. to Reduce Sentence, at ¶¶ 10, 11.
[11] The Court notes the arguments raised regarding the timing of the pre-sentence investigation, and notes that it finds no prejudice has befallen Mr. Welch as a result of that timing. The Court, in this review, however, given the arguments raised in this regard, gave ample consideration to all of the mitigation attached to the motion as if it were before the Court and a part of the sentencing decision, with the backdrop of the issue raised about the pre-sentence investigation timing.

sentence imposed was carefully crafted to balance all factors present in this case. In fact, the strides taken by Mr. Welch formed the basis, as stated on the record at the time of sentencing, for the Court's downward departure from the State's 90 days at Level V recommendation.

8.    The Court has now reconsidered all the mitigation presented at the sentencing hearing and has carefully reviewed the documents presented in the instant motion, including the medical history and the evaluations performed on Mr. Welch.

8.    Given the nature of Mr. Welch's crimes, under the standard set in Superior Court Criminal Rule 35(b), Mr. Welch's sentence is appropriate. No additional information has been provided to the Court through this motion that would call for a reduction of Mr. Welch's sentence. Accordingly, Mr. Welch's Motion to Reduce Sentence is **DENIED.**

**IT SO ORDERED.**

_____
Danielle J. Brennan, Judge

cc:    Criminal Prothonotary
       Joseph Hurley, Esquire
       Sehr Rana, Esquire